**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SHAKA U. DYETTE,
          Plaintiff,

     v.                                           CIVIL ACTION NO. 16-10202-NMG

LT. WILLIAM J. SHUGRUE, ET AL.,
          Defendants.

**MEMORANDUM AND ORDER**

**GORTON, J.**

On April 8, 2016, plaintiff Shaka U. Dyette ("Dyette") filed an Amended Complaint (Docket No. 10) in accordance with this Court's directives contained in the March 23, 2016 Memorandum and Order (Docket No. 7). That Memorandum and Order detailed Dyette's allegations and outlined certain legal impediments to his claims. Specifically, the Memorandum and Order noted that monetary damages were not recoverable for claims against defendant Superintendent James Saba in his official capacity and that Superintendent Saba was not liable under 42 U.S.C. § 1983 for actions of his subordinates based on a *respondeat superior* theory of liability. Additionally, the Memorandum and Order noted that although defendant Kurt DeMoura was named as a defendant in the case caption, there were no allegations of wrongdoing set forth in the body of the Complaint.

Dyette's Amended Complaint reiterates the factual allegations contained in the original Complaint concerning the alleged use of excessive force by defendant Lt. Shugrue and his placement in solitary confinement for 30 days and subjected to unsanitary conditions. The Amended Complaint also reasserts that defendant Scott Black blackmailed him in order to make Dyette withdraw his administrative grievance. Finally, in the body of the Amended Complaint Dyette asserts factual allegations that defendant Kurt DeMoura denied him videotape evidence needed for his grievance and for the disciplinary process. Notably, the Amended Complaint does not list Superintendent Saba as a defendant.

After review of the claims in the Amended Complaint, this Court will permit this action

to proceed at this time.  Accordingly, it is hereby Ordered that:

1) Superintendent Saba shall be <u>TERMINATED</u> as a defendant in this action in view of the Amended Complaint;

2) The Clerk shall issue summonses with respect to defendants William J. Shagrue, Scott W. Black and Kurt S. DeMoura;

3) Plaintiff may elect to have service made by the United States Marshal Service.  If directed by plaintiff to do so, the United States Marshal shall serve the summons, Amended Complaint, and this Memorandum and Order upon the defendants, in the manner directed by plaintiff, with all costs of service to be advanced by the United States; and

4) Plaintiff shall have 90 days from the date of this Memorandum and Order to complete service.

SO ORDERED.

Dated: May 5, 2016

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge